[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE APPLICATIONS TO VACATE AND TO CONFIRM ARBITRATION AWARD
Plaintiff brings this action to vacate an arbitration award because the "arbitrators exceeded their powers and/or imperfectly executed them in finding the issues of coverage in favor of defendant, and, specifically, in concluding that the plaintiff was `entitled to one set-off of $20,000.00 for the tortfeasor payment and thus, the available UM coverage is $55,000.00'"
The defendant has filed an Answer and a Counterclaim to confirm the award.
Facts
On July 10, 1987, the defendant was struck by an underinsured motorist's car and sustained injuries.
At the time of the accident, the tortfeasor had a $20,000.00 liability policy which was paid in full to defendant. She was also paid $5,000.00 in basic reparation benefits. It was agreed by the parties in this matter that the tortfeasor's negligence caused the accident. The tortfeasor's policy had been exhausted in favor of the defendant. Her damages CT Page 5248 exceeded the tortfeasor's liability coverage.
At the time of the accident the defendant was the owner of three automobiles, each of which was insured under a separate policy issued by the plaintiff. Each policy had a separate policy period. Each such policy provided underinsured motorist coverage (UM) of $25,000.00 for each person, and $50,000.00 for each accident. Defendant was the named insured on each of the three policies and she paid a separate premium for each. Defendant made a claim for UM benefits under each of those three policies. The matter went to arbitration.
On October 21, 1993, the arbitrators issued the following "award":
"ARBITRATION DECISION
The arbitrators find that the respondent is entitled to a one set-off of $20,000.00 for the tortfeasor payment and thus, the available UM coverage is $55,000.00. The arbitrators also find that the full value of the case exceeds the pre-setoff UM coverage ($75,000.00). The parties have stipulated to a $5,000.00 set-off for the No-Fault paid. Therefore, the arbitrators find that the claimant is entitled to an award of $50,000.00 due from the respondent."
Law
The plaintiff claimed in arbitration and here that it was entitled to offset the $20,000.00 paid by the tortfeasor against each of its three policies. Defendant says that plaintiff is entitled to one such offset.
The court undertakes a de novo review under AmericanUniversal Ins. Co. v. Del Greco, 205 Conn. 178. The statute that defines an underinsured motor vehicle reads, in part, as follows:
 "[A] motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured CT Page 5249 motorist portion of the policy against which claim is made. . . ."
Conn. Gen. Stat. § 38a-336 (d).
In Covenant Ins. Co. v. Coon, 220 Conn. 30 the Supreme Court stated that in determining whether a tortfeasor's motor vehicle is underinsured "the total of all liability insurance coverage available to an individual claimant must be compared to the amount of underinsured motorist coverage in each of the policies against which the victim has a claim." id. 34.
Under the "two step" reasoning of Covenant as to each of the plaintiff's three policies the tortfeasor's vehicle was underinsured. id. 34-37.
Covenant's second step then permits stacking of all three policies.
If we stack the three UM policies we get coverage of $75,000.00. But that does not resolve the question here. The issue remaining is whether we then deduct the tortfeasor's liability policy payment of $20,000.00 from the policies as stacked and arrive at a net figure due defendant of $55,000.00 or do we deduct the $20,000.00 from each of the three stacked UM policies and get a net figure of $15,000.00.
Both parties agree that the three policies in question are separate and distinct. They also agree that the UM coverage under those three policies may be "stacked." Stacking is "the ability of the insured [Perry], when covered by more than one insurance policy, to obtain benefits from a second policy on the same claim when recovery from the first policy would be inadequate."Nationwide Ins. Co. v. Gode, 187 Conn. 386, 388 footnote 2.
In Nationwide Ins. Co. v. Gode, supra, there were two cars with underinsured coverage of $20,000.00 each. The tortfeasor paid $20,000.00 and that was the total deduction from the stacked coverage. i.e. the tortfeasor's payment was deducted but once. Gode was analyzed in detail in Farm City Ins. Co. v. Stevens, 215 Conn. 157 which never questioned the Gode result. CT Page 5250
In Cohn v. Aetna Ins. Co., 213 Conn. 525 the arbitrator stacked the coverage for 22 insured cars at $40,000.00 each but deducted the tortfeasor's payment of $25,000.00 but once. The trial court affirmed. The Supreme Court reversed for unrelated reasons but never questioned the method of applying the tortfeasor's payment to stacking coverage. In addition, the arbitrator, and the defendant insurance company's attorney never questioned the fact that the $25,000.00 tortfeasor payment was deducted only once. The same result is revealed in Nicolletta v. Nationwide Ins. Co., 211 Conn. 640, 641-644, where as to each of the two cases considered the UM carrier appears to have been perfectly content to have the $20,000.00 liability policy payment applied only once to its stacked UM policies.
The plaintiff relies on a superior court decision,Allstate Ins. Co. v. Link, 8 CSCR 50 (12/2/92). In that case there were two policies providing UM coverage and the court implicitly stacked them. It then allowed a tortfeasor's payment to be deducted from each because, "Each Allstate policy provides . . . for the reduction of the limits of underinsured motorist coverage by all amounts paid by the [tortfeasor]. This provision is in conformance with General Statutes § 38-175a-6(d)(1)."
This court does not have all the facts that were available to the Link court and thus may only trudge on in the empirical footprints of our Supreme Court.
Application to vacate is denied.
Application to confirm is granted.
N. O'Neill, J.